UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON BRYAN LOEBER,<br><br>Plaintiff,<br><br>v.<br><br>AMEER ALGHUSAIN, et al.,<br><br>Defendants. | Case No. 21-cv-00505-JD<br><br>**ORDER RE DISMISSAL; APPOINTMENT OF COUNSEL; SERVICE**<br><br>Re: Dkt. No. 8 |

Pro se plaintiff Loeber and pro se defendant Alghusain consented to magistrate judge jurisdiction for all purposes. *See* Dkt. Nos. 6, 7. Loeber named additional defendants -- AMIDAC, American Railways LLC, and General Railways LLC -- who do not appear to have been served. The consent of all named parties, including unserved defendants, is required before jurisdiction vests in a magistrate judge. *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017). Consequently, the case was reassigned to this Court.

## I.  THE COMPLAINT

The Court dismisses the complaint, Dkt. No. 1, on its own motion under Federal Rule of Civil Procedure 12(b)(6). *See Choudhuri v. Specialized Loan Servicing*, Case No. 3:19-cv-04198-JD, 2019 WL 3323088, at *1 (N.D. Cal. July 24, 2019). The first claim under the National Stolen Property Act, 18 U.S.C. § 2314, and the second claim under the wire fraud statute, 18 U.S.C. § 1343, are dismissed with prejudice. These are criminal statutes for which no private right of action exists. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis for civil liability"); *Ross v. Orange Cnty. Bar Ass'n*, 369 Fed. App'x 868, 869 (9th Cir. 2010) (no private right of action for mail fraud under 18 U.S.C. § 1341) (unpublished). Dismissal with prejudice is warranted because no amendment could overcome this bar.

The third claim for civil RICO, 18 U.S.C. § 1962(c) and §§ 1964(a) &(c), is dismissed with leave to amend. Pro se complaints are entitled to a liberal construction, but must still allege facts plausibly demonstrating a claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). "[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir.1984). In addition, a civil RICO plaintiff must demonstrate that they were injured "by reason of" the alleged racketeering activity of the defendant. 18 U.S.C. § 1964(c). "It is well settled that, to maintain a civil RICO claim predicated on mail [or wire] fraud, a plaintiff must show that the defendants' alleged misconduct proximately caused the injury." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 664 (9th Cir.2004) (citing *Holmes v. Sec. Inv. Prot. Corp.,* 503 U.S. 258, 268 (1992)).

The complaint does not plausibly allege these elements. In addition, the RICO fraud allegations are subject to the heightened pleading requirements of Rule 9(b). *See Odom v. Microsoft Corp.*, 486 F.3d 541, 547-48, 553-54 (9th Cir. 2007) (en banc); *ICT Law & Tech. Grp. PLLC v. Seatree PLLC*, 771 Fed. App'x 420, 421 (9th Cir. 2019) (unpublished). The complaint did not adequately detail the alleged fraud in that manner.

Loeber may file an amended complaint on the civil RICO claim by August 30, 2021. No new claims or parties may be added without the Court's prior approval. Failure to meet this condition or the filing deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b). Alghusain's motion to dismiss, Dkt. No. 8, is terminated as moot.

## II. REQUEST FOR COUNSEL

Loeber's request for counsel under 28 U.S.C. § 1915(e)(1), Dkt. No. 19, is denied. "There is no absolute right to counsel in civil proceedings," *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1353 (9th Cir. 1994), and federal courts do not have the authority "to make coercive appointments of counsel," *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). Section 1915(e) provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "The decision to appoint such counsel is within the

sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Id*. (internal quotation omitted).

On the record before the Court, a request for counsel is not warranted. To start, it is not clear that Loeber is indigent. He says that he has "limited income" in the form of Social Security and Veteran's benefits, and that he works seasonally for a delivery company and canvassing company. Dkt. No. 19 at 1-2. This indicates financial circumstances above indigency.

In addition, no exceptional circumstances are present. Although Loeber's complaint has fallen short of plausibility, he has demonstrated an ability to articulate his claims, and the record does not indicate any serious disability in that respect. In the absence of a plausible claim, Loeber's likelihood of success on the merits is presently low. Consequently, the request is denied.

## III. SERVICE OF PLEADINGS

In the event that Loeber timely amends the complaint, he must serve all of the named defendants as provided for in Federal Rule of Civil Procedure 4, including service deadlines. Once all defendants are served, the Court will file forms for consent or declination to magistrate judge jurisdiction.

**IT IS SO ORDERED.**

Dated: July 20, 2021

JAMES DONATO
United States District Judge