United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON BRYAN LOEBER, <br> Plaintiff, <br> v. <br> AMEER ALGHUSAIN, et al., <br> Defendants. | Case No. 21-cv-00505-JD <br><br> **SECOND ORDER RE DISMISSAL** |

Pro se plaintiff Carlton Loeber sued defendants Ameer Alghusain, AMIDAC Rail Corporation, American Railways LLC, and General Railways LLC, under the RICO statute, 18 U.S.C. § 1962, and other federal criminal statutes. Dkt. No. 1. In a prior order, the Court dismissed the civil RICO claims with leave to amend and dismissed the federal criminal law claims with prejudice. Dkt. No. 21. Loeber filed an amended complaint that again fails to state a plausible claim for relief. Dkt. No. 22. The Court consequently dismisses the amended complaint with prejudice on its own motion under Rule 12(b)(6). *See Choudhuri v. Specialized Loan Servicing*, No. 3:19-cv-04198- JD, 2019 WL 3323088, at *1 (N.D. Cal. July 24, 2019).

"Pro se complaints are entitled to a liberal construction, but must still allege facts plausibly demonstrating a claim for relief." Dkt. No. 21 at 2 (citing *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010)). A plausible civil RICO claim must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and a variety of specific pleading allegations under the statute with respect to the alleged criminal enterprise, predicate acts, injury, and causation. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986); *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (stating elements of a civil RICO claim).

The new statements in the amended complaint are irrelevant to plausibly alleging a corrupt enterprise or conduct within the purview of the RICO statute. It may be, as the amended complaint alleges, that Loeber loaned Alghusain approximately $16,000 "to finance a shipment of rail construction materials," and that Alghusain instead "used the money to buy hookahs for a new enterprise or operation" and "for personal high-roller spending using a debit card access device." Dkt. No. 22 ¶ 46. But that is a far cry from the type of activity subject to a civil RICO claim. The amended complaint's references to Alghusain's companies do not plausibly amount under RICO to "a group of persons associated together for a common purpose of engaging in a course of conduct," or establish "that the various associates function as a continuing unit" for racketeering purposes. *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (en banc) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). The amended complaint also does not describe a common purpose with the particularity required by Rule 9(b) or provide evidence of an ongoing organization or a continuing unit. *See* Dkt. No. 22 ¶¶ 72-77.

Consequently, the amended complaint is dismissed. Because Loeber had the opportunity to address these shortcomings after the Court's first order of dismissal, and did not fix them, the dismissal is with prejudice. Dkt. No. 21; *Navajo Nation v. Dep't of Interior*, 876 F.3d 1144, 1174 (9th Cir. 2017). Alghusain's motion to dismiss, Dkt. No. 25, is terminated as moot. The case will be closed.

**IT IS SO ORDERED.**

Dated: September 7, 2022

JAMES DONATO
United States District Judge